**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| BILLY DUANE CARD FLESHNER,<br><br>          Plaintiff,<br><br>vs.<br><br>KENNETH WAYNE WILEY et al.,<br><br>          Defendants. | No. 15-CV-2033-LRR<br><br>**ORDER** |

## *I. INTRODUCTION*

The matter before the court is Defendants Dan Schaefer and James E. Dickinson's (collectively, "State Defendants") "Motion to Dismiss" ("Motion") (docket no. 5).

## *II. PROCEDURAL HISTORY*

On May 8, 2015, Plaintiff Billy Duane Card Fleshner filed a Complaint (docket no. 1) against the State Defendants, Kenneth Wayne Wiley, Matthew Tiedt, Kyle Shores, Connie Sents, Dan Pickett, Marks Auto Repair and Wrecker Service and Bremer County, Iowa (collectively, "Defendants"). In the Complaint, Fleshner asserts the following claims: (1) an abuse-of-process claim under Iowa law against Wiley; (2) an excessive force claim under the Fifth and Fourteenth Amendments against Tiedt, Shores and the State Defendants pursuant to 42 U.S.C. § 1983; (3) an unlawful search and seizure claim under the Fourth Amendment against Tiedt, Shores and the State Defendants pursuant to 42 U.S.C. § 1983; (4) a claim of conspiracy against all Defendants pursuant to 42 U.S.C. § 1983; and (5) a request that the court recommend an investigation by the United States Attorney or convene a federal grand jury pursuant to Federal Rule of Criminal Procedure 6(a). Fleshner demands a jury trial and seeks compensatory and punitive damages, declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and costs.

On June 30, 2015, the State Defendants filed the Motion, seeking dismissal of all claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Motion at 1. On July 14, 2015, Defendants Tiedt, Shores, Sents and Pickett filed a "Joinder in State Defendants Motion to Dismiss" ("Joinder") (docket no. 7). On August 17, 2015, Fleshner filed an untimely Resistance (docket no. 8).

### III. ANALYSIS

The State Defendants address only the excessive force, search and seizure, conspiracy and grand jury claims in the Motion. *See* Brief in Support of Motion (docket no. 5-1) at 4-14. As to the claims Fleshner brought under 42 U.S.C. § 1983, the State Defendants argue that, because Fleshner did not specifically allege that he is suing the State Defendants in their individual capacities, the court must interpret the Complaint as suing them in their official capacities only. *Id.* at 4-5. The State Defendants argue that, because state employees sued in their official capacities are not "persons" amenable to suit under § 1983, the court should grant the Motion. *Id.* at 5. In the Resistance, Fleshner argues that his failure to sue Defendants in their individual capacities was an oversight and that he can easily file an amended complaint to correct it. Memorandum in Support of Resistance (docket no. 8-1) at 2.

In light of the statement made by Fleshner in his Memorandum in Support of Resistance, it appears that he is seeking leave to amend the Complaint. The Federal Rules of Civil Procedure provide that a party may amend a pleading once as a matter of course within 21 days after service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1)(B). However, Fleshner did not seek to amend the Complaint within the necessary time period. As such, pursuant to the Federal Rules of Civil Procedure, Fleshner may only amend the Complaint with the opposing party's written consent or leave of court. *Id.* at 15(a)(2). It does not appear as if Fleshner has secured any of Defendants' written consent to amend, nor did he formally move to amend the Complaint. Memorandum in Support of Resistance

2

at 2. The court notes that is not required to construe the portion of Fleshner's resistance as a motion for leave to amend the Complaint. *See, e.g.*, *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 805 (8th Cir. 2006) (holding that it was not error for a district court to refuse to allow a party to amend its complaint where the issue was only raised as a one-line request in a brief opposing a motion to dismiss). Accordingly, it would be within the court's discretion to refuse to entertain Fleshner's apparent request to amend the Complaint.

However, the court also recognizes that Fleshner is appearing pro se, and thus his pleadings are to be liberally construed. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). The essence of "liberal construction" is to "construe the [pleading] in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). A motion for leave to amend the Complaint would be the "proper legal framework" in this instance, which suggests to the court that it should construe the line in Fleshner's Memorandum in Support of Resistance as a request to amend. The court is inclined to allow Fleshner to amend the Complaint due to Fleshner's status as a pro se party and Federal Rule of Civil Procedure 15(a)(2), which directs courts to freely allow parties to amend their pleadings "when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that the freedom to amend pleadings under Rule 15 is a "mandate . . . to be heeded"); *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001) (noting that the circumstances appropriate for denying a motion to amend are limited). Accordingly, the court finds that it is appropriate to give Fleshner the opportunity to amend the Complaint. If Fleshner chooses to amend the Complaint, he may file an Amended and Substituted Complaint **no later than September 23, 2015**. If he fails to file an amended complaint by that time, he shall stand on his original pleadings and the

court will proceed to consider the Motion with the Complaint as it currently stands. Accordingly, the court **RESERVES RULING** on the Motion (docket no. 5) until such time as Fleshner files an Amended and Substituted Complaint or the time for doing so expires.

    **IT IS SO ORDERED.**

    **DATED** this 3rd day of September, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA