# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

BILLY DUANE CARD FLESHNER,

    Plaintiff,

vs.

KENNETH WAYNE WILEY et al.,

    Defendants.

No. 15-CV-2033-LRR

**ORDER**

## TABLE OF CONTENTS

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    RELEVANT PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . 2

III.    SUBJECT MATTER JURISDICTION . . . . . . . . . . . . . . . . . . . . . 3

IV.    ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.  *The Excessive Force Claim* . . . . . . . . . . . . . . . . . . . . . . . 7
    B.  *The Search and Seizure Claim* . . . . . . . . . . . . . . . . . . . . . 9
    C.  *The Conspiracy Claim* . . . . . . . . . . . . . . . . . . . . . . . . . 11
    D.  *The Request to Convene a Grand Jury* . . . . . . . . . . . . . . . 12

V.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## I. INTRODUCTION

The matters before the court are Defendants Dan Schaefer and James E. Dickinson's (collectively, "State Defendants") "Motion to Dismiss Plaintiff's Amended Complaint" ("State Motion") (docket no. 17) and Defendants Matthew Tiedt, Kyle Shores, Connie Sents, Dan Pickett and Bremer County, Iowa's (collectively, "County Defendants") "Motion to Dismiss Plaintiff's Amended Complaint" ("County Motion") (docket no. 23).

## II. RELEVANT PROCEDURAL HISTORY

On September 17, 2015, Plaintiff Billy Duane Card Fleshner filed an Amended Complaint (docket no. 15) against Kenneth Wayne Wiley, the County Defendants, the State Defendants and Marks Auto Repair and Wrecker Service. In the Amended Complaint, Fleshner asserts the following claims: (1) abuse of process under Iowa law against Wiley; (2) excessive force against Tiedt, Shores and the State Defendants pursuant to 42 U.S.C. § 1983; (3) unlawful search and seizure against Tiedt, Shores and the State Defendants pursuant to 42 U.S.C. § 1983; (4) conspiracy against all Defendants pursuant to 42 U.S.C. § 1983; and (5) a request that the court recommend an investigation by the United States Attorney or convene a federal grand jury pursuant to Federal Rule of Criminal Procedure 6(a). On September 22, 2015, the County Defendants filed an Answer (docket no. 16).

On September 28, 2015, the State Defendants filed the State Motion. On November 2, 2015, Fleshner filed an untimely "Opposition to Iowa State Defendants' Motion to Dismiss" ("Resistance to State Motion") (docket no. 21). On November 13, 2015, the County Defendants filed the County Motion. On December 14, 2015, Fleshner dismissed Defendant Marks Auto Repair and Wrecker Service from the action. *See* Notice of Dismissal (docket no. 24). On January 22, 2016, Fleshner filed an untimely "Opposition to Motion to Dismiss Plaintiffs' Amended Complaint by Defendants Tiedt, Shores, Sents, Pickett and Bremer County, Iowa" ("Resistance to County Motion") (docket no. 25). Wiley has not filed a responsive pleading to the Amended Complaint. No party has requested oral argument on either the State Motion or the County Motion and the court finds that oral argument is unnecessary. The matters are fully submitted and ready for decision.

## III. SUBJECT MATTER JURISDICTION

The court has federal question jurisdiction over the § 1983 and grand jury claims because they arise under the United States Constitution and the United States Code. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has jurisdiction over the state law claim because it is so related to the claims within the court's original jurisdiction that it forms part of the same case or controversy. *See* 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy.").

## IV. ANALYSIS

Both the State Defendants and the County Defendants seek dismissal of all counts against them pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* State Motion at 1; County Motion at 1. Both the State Defendants and County Defendants also seek dismissal or stay pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Brief in Support of the State Motion (docket no. 17-1) at 9-10; Brief in Support of the County Motion (docket no. 23-1) at 2 (stating that the County Defendants are joining the State Motion insofar as it argues for a stay of the instant action pending final resolution of Fleshner's criminal case). The County Defendants also argue that Fleshner "has completely failed to articulate any factual specifications, or theories of liability" against Pickett or Sents. County Motion at 1. The County Defendants further argue that Fleshner's service upon Defendant Bremer County, Iowa was insufficient. *Id.* at 2. The court shall address each argument in turn.

As an initial matter, the court finds that Defendants' arguments regarding Federal Rule of 12(b)(1) are no longer appropriate. Federal Rule of Civil Procedure 12(b)(1)

provides for dismissal of a complaint on the basis of "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Defendants argue that, because Fleshner's state proceedings were still pending at the time the State Defendants filed the State Motion, the court should stay the proceedings "until the conclusion of the pending criminal proceedings." Brief in Support of the State Motion at 10 (citing *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a . . . claim before he has been convicted . . . , it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.")); *see also id.* at 13 (citing *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010)) (arguing that the *Younger* abstention doctrine applies to the instant action because there is an ongoing state proceeding). However, Fleshner requests that the court take judicial notice of his acquittal of the state weapons charges at issue in the instant action. *See* Resistance to County Motion at 1. The court takes judicial notice of such acquittal. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (recognizing that a court "may take judicial notice of judicial opinions and public records); *see also State v. Billy Duane Fleshner*, No. 02091 AGCR007909 (Iowa Dist. Ct. 2015). The court also takes notice that Fleshner pled guilty to the charge of interference with official acts associated with the incident giving rise to the instant action. *See State v. Billy Duane Fleshner*, No. 02091 SMMG009260 (Iowa Dist. Ct. 2015). Because state charges are no longer pending, Defendants' arguments that the instant action should be stayed are no longer appropriate. Accordingly, the court shall deny the State Motion and County Motion to the extent that they argue for a stay.

The court finds that the County Defendants waived the defense of insufficient service of process and therefore cannot successfully assert that Defendant Bremer County, Iowa was not properly served in the instant action. Rule 12(b) plainly states that a motion pursuant to Rule 12(b)(5) "*must* be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added). Federal Rule of Civil Procedure 12(h)

4

provides that a party waives a Rule 12(b)(5) defense if it fails to raise the defense in a responsive pleading or in a motion made prior to a responsive pleading under Rule 12(b). Fed. R. Civ. P. 12(h)(1)(B); *see Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir. 1986) ("Fed. R. Civ. P. 12(g) and (h) provide that objections to . . . insufficiency of service of process are waived unless the objections are raised in the answer or by motion *before* the filing of a responsive pleading." (emphasis added)); *see also Kersh v. Derozier*, 851 F.2d 1509, 1511 (5th Cir. 1988) (holding that a defendant who filed an answer without asserting insufficiency of service and then later moved to dismiss based on insufficient service waived the defense). In the instant action, the County Defendants filed their Answer prior to the County Motion and did not raise insufficient service as an affirmative defense. Accordingly, the court finds they have waived the defense pursuant to Rule 12(b)(5).

Technically, "a Rule 12(b)(6) motion cannot be filed after an answer has been submitted." However, the court finds that the County Defendants have not waived their arguments pertaining to Rule 12(b)(6) because "Rule 12(h)(2) provides that '[a] defense of failure to state a claim upon which relief can be granted' may be advanced in a motion for judgment on the pleadings under Rule 12(c)." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990); *see also* Fed. R. Civ. P. 12(c), (h)(2)(B) (providing that a party may assert the defense of failure to state a claim upon which relief can be granted after the pleadings have closed pursuant to Rule 12(c)). The distinction between the provisions of Rule 12 "is purely formal, because [the court] review[s] this 12(c) motion under the standard that governs 12(b)(6) motions." *Westcott*, 901 F.2d at 1488. Accordingly, the court shall treat the County Motion as if it had been styled a Rule 12(c) motion. *Id.*

Federal Rule of Civil Procedure 12(b)(6)[1] provides for the dismissal of a complaint on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The question for a court considering a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but rather "whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (citation omitted). In order to cross the federal court's threshold, the complaint need "not [be] a model of the careful drafter's art," nor need it "pin plaintiff's claim for relief to a precise legal theory." *Id.* at 530. This is especially true when the plaintiff is appearing pro se, which requires the court to liberally construe the pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citing *Estelle*, 429 U.S. at 106). To be sufficient, a complaint must simply state a "plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner*, 562 U.S. at 530 (citing 5 Charles Alan Wright & Arthur A. Miller, Federal Practice & Procedure § 1219 (3d ed. 2004 & Supp. 2010)).

In order for the statement of the plaintiff's claim to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

---

[1] The court shall proceed to analyze both the State Motion and the County Motion under the Rule 12(b)(6) standard, recognizing, however, that the court is treating the County Motion as a Rule 12(c) motion.

unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 677-78 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2)]."). It is insufficient to "plead[] facts that are 'merely consistent with' a defendant's liability." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"Where the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)). Although the court must accept as true all factual allegations contained in the Complaint, the court need not accept legal conclusions disguised as facts. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### A. *The Excessive Force Claim*

"The right to be free from excessive force is a clearly established right under the Fourth Amendment's prohibition against unreasonable seizures of the person." *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003) (quoting *Guite v. Wright*, 147 F.3d 747, 750 (8th Cir. 1998)), *abrogated on other grounds by Chambers v. Pennycook*, 641 F.3d 898 (8th Cir. 2011). "The violation of this right will, of course, support a § 1983 action." *Id.* "An officer's use of force violates the Fourth Amendment when it is objectively unreasonable, given the facts and circumstances of the particular case, as 'judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Chambers*, 641 F.3d at 905-06 (quoting *Graham v.*

7

*Connor*, 490 U.S. 386, 396-97 (1989)). "A *de minimis* use of force is insufficient to support a claim . . . ." *Id.* at 906 (emphasis omitted). While demonstration of *de minimis* injury is not dispositive of the issue of whether excessive force was used, the Eighth Circuit Court of Appeals recognizes that "most plaintiffs showing only *de minimis* injury can show only a corresponding *de minimis* use of force. The degree of injury is certainly relevant insofar as it tends to show the amount and type of force used." *Id.*

Defendants argue that Fleshner's excessive force claim "sets forth nothing other than a marshaling jury instruction in a use of force action" and is therefore insufficient. Brief in Support of the State Motion at 7; *see also* Brief in Support of the County Motion at 3. The State Defendants argue that the arrest in question was swift and that Fleshner "fails in any way to allege how [the officers'] actions exceeded constitutionally acceptable behavior, how he was injured or even if he was injured . . . ." Brief in Support of the State Motion at 7. Defendants argue that the small round bruises under Fleshner's right arm are the only indicia of injury. *Id.*

The court disagrees and finds that the Amended Complaint sufficiently states a claim of excessive force. Taking the facts in the Amended Complaint as true, Fleshner's claims that Tiedt, Shores and the State Defendants kneed Fleshner in the groin, "slamm[ed]" him into the ground, struck or used a Taser on him and "slam[med]" him into the rear of a patrol car are sufficient to state a claim for excessive force. *See* Amended Complaint ¶¶ 96-114. Fleshner asserts he suffered "small round bruises under [his] right arm" as well as a "scraped face" and "scratched and scraped hand" *See id.* ¶¶ 114, 174. Such injuries may be *de minimis*, but this is not dispositive of the issue and bears only on the amount and type of force used. In any event, taking the facts in the Amended Complaint as true, Fleshner's assertions are sufficient to state a claim for excessive force. Accordingly, the State Motion and County Motion shall be denied with respect to the excessive force claim.

8

## B. The Search and Seizure Claim

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "The law is settled that in Fourth Amendment terms a traffic stop entails a seizure of the driver . . . ." *Brendlin v. California*, 551 U.S. 249, 255 (2007). However, "any traffic violation, even a minor one, gives an officer probable cause to stop the violator. If the officer has probable cause to stop the violator, the stop is objectively reasonable . . . ." *United States v. Bell*, 86 F.3d 820, 822 (8th Cir. 1996) (citation omitted); *see also United States v. Gunnell*, 775 F.3d 1079, 1083 (8th Cir. 2015) (noting that a traffic stop is reasonable if "the police have probable cause to believe that a traffic violation has occurred"). A police officer may make a warrantless arrest if the detainee commits a crime in the officer's presence. *See United States v. West*, 612 F.3d 993, 995-96 (8th Cir. 2010); *see also Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.").

The Fourth Amendment further protects against unreasonable searches, "that is, searches that are neither authorized by a warrant nor within one of the specific exceptions to the warrant requirement." *United States v. Barraza-Maldonado*, 732 F.3d 865, 867 (8th Cir. 2013). One such exception is the "inventory search" exception. *United States v. Garreau*, 658 F.3d 854, 857 (8th Cir. 2011). "The inventory search exception . . . permits law enforcement to inventory the contents of a vehicle that is lawfully taken into custody, even without a warrant or probable cause to search." *Id.* Such a search is reasonable, and complies with the Fourth Amendment, when it is "conducted according to standardized police procedures." *Id.*

The County Defendants argue that the Amended Complaint reveals sufficient justification for the initial stop of Fleshner's vehicle. Brief in Support of the County Motion at 5. They further argue that the Amended Complaint demonstrates that the officers had probable cause to make a warrantless arrest. *Id.* at 5-7. Both the County Defendants and State Defendants argue that their eventual search of Fleshner's vehicle constituted a valid inventory search. *Id.* at 7; Brief in Support of the State Motion at 9.

The court finds that the facts alleged in the Amended Complaint, taken as true, demonstrate that the Defendants did not violate the Fourth Amendment during the traffic stop and eventual arrest, or during the search of Fleshner's vehicle. The Amended Complaint states that Tiedt initially pulled Fleshner over after seeing him swerve and hit the fog lines while driving, and after Wiley called in a complaint about Fleshner's driving. Amended Complaint ¶¶ 16, 20, 21. Such action provides ample justification for stopping a vehicle. Accordingly, no Fourth Amendment violation arises from the traffic stop. *See Bell*, 86 F.3d at 822. Additionally, the State Defendants state that they "had no involvement whatsoever in the traffic stop . . . ." Brief in Support of the State Motion at 8. The court agrees. Accordingly, the court shall grant the State Motion with respect to Fleshner's search and seizure claim arising from the traffic stop.

Nor did Defendants violate the Fourth Amendment when they arrested Fleshner. After being stopped, Flesher refused to provide a driver's license to Tiedt at his request, and in fact was driving without a valid driver's license. Amended Complaint ¶ 24. Because Fleshner violated the law in Tiedt's presence, the officers did not violate the Fourth Amendment in subsequently arresting Fleshner. *See* Iowa Code §§ 321.174(1), 321.174(3) (making it a crime to operate a vehicle without a valid driver's license and to fail to display a valid driver's license at a police officer's request). Finally, after Fleshner was placed under arrest, Tiedt and Schaefer determined that an inventory and tow of Fleshner's vehicle was necessary. Amended Complaint ¶ 117. Fleshner's account of the

subsequent events fails to allege any facts suggesting that Defendants' actions were anything more than a valid inventory search. *See* Amended Complaint ¶¶ 118-54. Therefore, Fleshner has failed to plead facts giving rise to a plausible claim that Defendants violated his constitutional rights when they detained him, arrested him or searched his vehicle. Accordingly, the court shall grant the State Motion and County Motion with respect to the search and seizure claim.

### C. The Conspiracy Claim

"To prove a civil conspiracy under § 1983, [Fleshner] must show (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission or one or more unlawful overt acts; and (5) damages as the proximate result of the conspiracy." *Dean v. Cty. of Gage, Neb.*, 807 F.3d 931, 939 (8th Cir. 2015) (quoting *Livers v. Schenck*, 700 F.3d 340, 360-61 (8th Cir. 2012)). However, unless the plaintiff can demonstrate an actual constitutional violation, there is no actionable conspiracy claim. *See Draper v. City of Festus, Mo.*, 782 F.3d 948, 953 (8th Cir. 2015).

Because the court has determined that Fleshner has not sufficiently alleged a constitutional violation arising out of the search and seizure claim, any conspiracy claim arising out of the search and seizure claim necessarily fails. The court further finds that Fleshner has not alleged any facts supporting a "meeting of the minds" with regard to Fleshner's excessive force claim. The Amended Complaint merely recites the elements necessary to prove a conspiracy under § 1983 and alleges that Fleshner can prove every element of the claim. *See* Amended Complaint ¶¶ 228, 229. This does not rise to the level required to survive a Rule 12(b)(6) motion. *See Iqbal*, 556 U.S. at 678. The Amended Complaint does not provide any specific factual allegations suggesting that a meeting of the minds occurred, and the mere fact that Fleshner has alleged specific facts "consistent with" his theory does not cure the plain, conclusory allegations made

throughout. *See id.* Accordingly, the court shall grant the County Motion and State Motion with respect to the conspiracy claim, and shall grant it as to all Defendants.[2]

### D. The Request to Convene a Grand Jury

Federal Rule of Criminal Procedure 6(a)(1) authorizes a court to order summons of a grand jury "[w]hen the public interest so requires." Fed. R. Crim. P. 6(a)(1). However, "the conduct of litigation" in criminal proceedings is broadly reserved to "the Department of Justice, under the direction of the Attorney General." 28 U.S.C. § 516. Generally, then, "[t]he commencement of a federal criminal case by submission of evidence to a grand jury is 'an executive function within the exclusive prerogative of the Attorney General.'" *Baranoski v. U.S. Attorney's Office*, 215 F. App'x 155, 156 (3d Cir. 2007) (quoting In re *Persico*, 522 F.2d 41, 54-55 (2d Cir. 1975)) (unpublished decision). "The general rule is, of course, that an individual cannot bring accusations before a grand jury unless invited to by the prosecutor or the grand jury." In re *Application of Wood*, 833 F.2d 113, 116 (8th Cir. 1987). However, the Eighth Circuit also noted a "well-recognized exception" to that general rule: a court may wield its supervisory power to "authorize an individual to appear before a grand jury if it feels that the circumstances require." *Id.*

Fleshner cites In re *Application of Wood*, and argues that the court should use its supervisory authority to grant him leave to appear before a grand jury and testify. *See* Amended Complaint ¶¶ 232-33; Resistance to State Motion at 4-6. The State Defendants

---

[2] Though Wiley has not appeared in the instant action, the court finds that dismissal of Fleshner's conspiracy claim against all Defendants, including Wiley, is appropriate. Because the controlling issues are the same for all Defendants, the controlling issues have been briefed and Fleshner had a full and fair opportunity to address them, dismissal against all Defendants is appropriate. *See Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992); *see also Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008); *Transclean Corp. v. Jiffy Lube Int'l, Inc.*, 474 F.3d 1298, 1308 (Fed. Cir. 2007); *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802-03 (9th Cir. 1995).

argue that this cause of action is "nonexistent" and that the court should leave the determination of whether to commence a criminal prosecution to the Department of Justice. Brief in Support of the State Motion at 12-13.

While it appears that the Eighth Circuit authorizes courts to inject themselves into grand jury proceedings in extraordinary cases, the instant action does not justify such an intrusion into the functions committed to the executive branch. Further, the case Fleshner cites is readily distinguishable. In re *Application of Wood* dealt with a situation in which the United States District Court for the District of Nebraska threatened to allow an accuser to present evidence to a grand jury if the prosecutor did not present that evidence in accordance with the District of Nebraska's special instructions. 833 F.2d at 114-15. In that case, the criminal allegations had previously been presented to the grand jury by the United States Attorney. *Id*. In the instant action, Fleshner seeks to initiate *new* criminal proceedings against Defendants. The court declines the invitation to encroach upon the executive branch's prerogative to direct the enforcement of the law. Any attempt to do so would do violence to the separation of powers principles enshrined in the United States Constitution. In any event, Fleshner has not convinced the court that "circumstances require" the court to allow him to appear before a grand jury. Therefore, the court shall grant the State Motion with regard to the grand jury claim, and shall grant it as to all Defendants.[3]

### V. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED**:

(1) The State Motion (docket no. 17) is **GRANTED IN PART AND DENIED IN PART**;

---

[3] As with the court's treatment of the conspiracy claim above, the court finds that dismissal of Fleshner's grand jury claim against Wiley is appropriate as well. *See, e.g.*, *Cathey*, 977 F.2d at 449.

(2) The County Motion (docket no. 23) is **GRANTED IN PART AND DENIED IN PART**; and

(3) The search and seizure, conspiracy and grand jury claims are **DISMISSED**; and

(4) The state law claim and excessive force claims survive. As stated in the Trial Management Order (docket no. 19), trial is set for some time during the two-week period beginning on November 7, 2016.

**IT IS SO ORDERED.**

**DATED** this 4th day of March, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA