# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| BILLY DUANE CARD FLESHNER, Plaintiff, vs. KENNETH WAYNE WILEY et al., Defendants. | No. 15-CV-2033-LRR  **ORDER** |

The matter before the court is Plaintiff Billy Duane Card Fleshner's "Motion for Certificate of Default to Issue Against Kenneth Wayne Wiley" ("Motion") (docket no. 30), which Fleshner filed on April 1, 2016. In the Motion, Fleshner requests that the Clerk of Court enter default against Defendant Kenneth Wayne Wiley. Motion at 1.

On March 10, 2016, the court entered an Order directing Fleshner to "take appropriate action with respect to Defendant Wiley . . . includ[ing] . . . filing a brief showing cause as to why Wiley should not be dismissed from the instant action." March 10, 2016 Order (docket no. 27) at 2. The court noted that Fleshner had failed to take timely action against Wiley. *Id.* at 1. The court further expressed concern that Fleshner's abuse of process claim against Wiley was barred as a matter of law because merely making a report to police does not constitute use of "legal process" as required to support a claim of abuse of process under Iowa law. *Id.* at 2 (citing *Fuller v. Local Union No. 106 of United Bhd. of Carpenters & Joiners of Am.*, 567 N.W.2d 419, 422 (Iowa 1997)).

On April 1, 2016, Fleshner filed a "Response to Court Order to Show Cause" ("Response") (docket no. 29). In the Response, Fleshner does not argue that the court's analysis of the abuse of process claim and *Fuller* was incorrect, but instead states that "[t]his is an extreme case" that warrants an alternate ground for relief, as contemplated by

*Fuller*. Response at 1-2. Fleshner does not specifically allege any such alternate claim but instead states that he "must rely on th[e] [c]ourt for assistance" in crafting one. *Id.* at 2.

In the instant action, the court is guided by the fact that Fleshner is appearing pro se. A pro se party's pleadings are to be liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Liberal construction requires that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). "Although pro se complaints are to be construed liberally, 'they still must allege sufficient facts to support the claims advanced.'" *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d at 914). Additionally, the court is not permitted to act as counsel to either party. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("A pro se litigant should receive meaningful notice of what is expected of him, but the court is not permitted to act as counsel for either party."). Therefore, the court is not permitted to construct claims on behalf of the pro se party, even though it has a duty to liberally construe his pleadings. *Cf. id.*; *Farnsworth v. United States*, 106 Fed. Cl. 513, 518 (Fed. Cl. 2012) (noting that a pro se plaintiff is entitled to liberal construction of his or her pleadings; however, there is no duty on the part of the court to create a claim which the pro se party has not asserted in his or her pleading). Likewise, the court will not rewrite deficient pleadings to save them. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) ("Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)); *Dawkins v.*

*Glover*, 308 Fed. App'x 394, 395 (11th Cir. 2009) ("However, [the court] will not act as *de facto* counsel for pro se parties or rewrite a deficient pleading." (formatting omitted)).

Here, Fleshner readily admits that he does not know on what other basis Wiley's conduct may be actionable. Response at 2. Instead, he merely states that some alternate grounds for recovery may exist. *Id*. However, the court cannot assert Fleshner's claims for him. The bounds of liberal construction of pro se pleadings do not permit the court to draft a plaintiff's complaint for him. This is especially true when the court placed the pro se party on notice of the specific nature of the complaint's deficiency and the plaintiff has taken insufficient steps to cure it.

Furthermore, Fleshner has not supported his assertion that this is an "extreme" case with any facts that allow the court to discern the essence of his allegation, or even outline an alternate cause of action. In short, the court finds that Fleshner has not demonstrated cause to retain Wiley in the instant action. The abuse of process claim is barred as a matter of law, and Fleshner has not proposed an alternative cause of action based on Wiley's conduct. Accordingly, the court shall dismiss Wiley from the instant action. Because the court has determined that Wiley should be dismissed, the Motion is rendered moot.

For the foregoing reasons, it is hereby **ORDERED**:

(1) The Clerk of Court is **DIRECTED** to **DISMISS** Defendant Wiley from the instant action; and

(2) The Motion (docket no. 30) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**DATED** this 6th day of April, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA