# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN (WATERLOO) DIVISION

| | |
|---|---|
| BILLY DUANE CARD FLESHNER,<br><br>    Plaintiff,<br><br>vs.<br><br>MATTHEW TIEDT; KYLE SHORES; DAN SCHAEFER; and JAMES E DICKINSON,<br><br>    Defendants. | No. 15-cv-2033-CJW<br><br>**ORDER** |

_____

This matter is before the Court on the defendants Matthew Tiedt ("Tiedt") and Kyles Shores' ("Shores") (collectively, "county defendants") motion to strike (Doc. 87), which seeks to strike plaintiff's opposition to the defendants' second motions for summary judgment (Doc. 85). Plaintiff has not filed a timely resistance or a request for additional time to resist the county defendants' motion. *See* LR 7(e). For the reasons set forth herein, the county defendants' motion to strike is **granted in part** and **denied in part**, and the Court also strikes plaintiff's response to defendants Dan Schaefer ("Schaefer") and James Dickinson's ("Dickinson") (collectively, "state defendants") reply (Doc. 86) as untimely and improper.

## *I. PROCEDURAL HISTORY*

On September 28, 2018, the state defendants and county defendants moved for summary judgment. (Doc. 74; Doc. 76). Plaintiff's resistance to the motions for summary judgment was due by October 19, 2018. *See* LR 56(b). Plaintiff did not file a timely resistance, but on October 30, 2018, plaintiff moved for an extension of time to resist the defendants' motions for summary judgment. (Doc. 79). The Court provided

plaintiff until November 21, 2018, to file his resistances, and stated "*[p]laintiff will not be given any additional extensions of time to respond to the pending motions for summary judgment*." (Doc. 80). On November 26, 2018, plaintiff filed a resistance to defendants' motions for summary judgment. (Doc. 83). The state defendants filed a timely reply to plaintiff's resistance. (Doc. 84).

On December 21, 2018, plaintiff filed a second opposition to defendants' motions for summary judgment (Doc. 85) ("second resistance") raising new arguments that plaintiff did not assert in his prior resistance. Plaintiff also filed a response to the state defendants' reply (Doc. 86) ("surreply"). Plaintiff did not request leave from the Court to file the second resistance or the surreply. On January 2, 2019, the county defendants moved to strike the second resistance on grounds that it was untimely under Local Rule 56. (Doc. 87). The county defendants also request that the Court treat all facts set forth in the county defendants' statement of undisputed material facts as conclusively established and grant the county defendants' motion for summary judgment on that basis. The county defendants' motion to strike incorrectly states that plaintiff did not resist the county defendants' motion for summary judgment until December 21, 2018. (*Id.* at 2). The motion to strike fails to recognize plaintiff's resistance (Doc. 83) which addresses both the state defendants' and the county defendants' motions for summary judgment.

## II. APPLICABLE LAW

The Court may strike procedurally improper or untimely filings from the docket under the Court's inherent power to control the cases on its docket and to sanction conduct which abuses the judicial process. *Chicago Ins. Co. v. City of Council Bluffs, Iowa*, No. 1:07-cv-21, 2012 WL 13018889, at *2 (S.D. Iowa Jan. 10, 2012). The Court also has discretion whether to consider an untimely resistance to a motion for summary judgment. *See Watson v. Geithner*, 355 Fed. App'x 482, 483 (2d Cir. 2009); *Anderson v. AMR*, 348 Fed. App'x 322, 323 (9th Cir. 2009); *Young v. City of Palm Bay, Fla.*, 358 F.3d

2

859, 863 (11th Cir. 2004); *McNair v. Bonaventura*, 46 Fed. App'x 849, 851 (7th Cir. 2002); *Featsent v. City of Youngstown*, 70 F.3d 900, 906 (6th Cir. 1995).

### III. ANLAYSIS

#### A. *Motion to Strike*

Plaintiff's second resistance is procedurally improper because plaintiff is only permitted to file one of each category of document responding to the county defendants' motion for summary judgment. Local Rule 56 provides that a party may file "a brief . . . in which the resisting party responds to each of the grounds asserted in the motion for summary judgment," "a response to the statement of material facts," "a statement of additional material facts," and "an appendix." LR 56(b). The plain language of the local rules provides that the resisting party must file one, and only one, of each of the aforementioned documents. Construing plaintiff's pro se pleadings broadly, plaintiff's first resistance includes a response to the county defendants' statement of material facts (Doc. 83, at 7-8), a brief responding to the grounds asserted in the county defendants' motion for summary judgment (*id.*, at 8-16), plaintiff's affidavit which serves as a statement of additional facts (Doc. 83-2) and exhibits which constitute plaintiff's appendix (Doc. 83-1). Given that plaintiff already filed each of the required documents in response to the county defendants' motion for summary judgment, plaintiff's second resistance is procedurally improper under Local Rule 56, and the Court, in its discretion, finds that it is proper to strike it.

Further, even if plaintiff's second resistance were not procedurally improper, it is untimely. The Court provided plaintiff until November 21, 2018, to file a resistance to the defendants' motions for summary judgment. (Doc. 80). The Court specifically advised plaintiff that the Court would not grant any further extensions of time to resist the motions for summary judgment. (*Id.*). Plaintiff filed his second resistance on December 21, 2018, a month after the deadline for his resistance passed. (Doc. 85).

The county defendants' motion to strike is **granted in part** to the extent it seeks to strike plaintiff's second resistance (Doc. 85). The Court will not consider plaintiff's second resistance in ruling on the county defendants' pending motion for summary judgment.

The county defendants' motion to strike does not recognize that plaintiff's initial resistance included a response to the county defendants' statement of undisputed material facts. (Doc. 87). The motion to strike does not contain any argument as to why the Court should disregard plaintiff's response to the county defendants' statement of undisputed material facts. (*Id.*) The court will not develop a party's argument that is raised in a threadbare or perfunctory way. *See Fort Des Moines Church of Christ v. Jackson*, 215 F. Supp. 3d 776, 792 (S.D. Iowa 2016). The county defendants' motion to strike is **denied in part** to the extent it requests that the Court deem all facts set forth in the county defendants' statement of undisputed facts as conclusively established, and to the extent it requests that the Court enter summary judgment the county defendants' favor on that basis.

### B.   *Plaintiff's Surreply*

Although the state defendants have not moved to strike plaintiff's surreply (Doc. 86) the Court, exercising its inherent authority, finds that it is appropriate to strike the surreply. "[S]urreplies are generally disfavored" and the court has discretion whether to allow a surreply. *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012). A surreply is unwarranted where the reply responds to the arguments in the resistance and does not raise new arguments. *Sec. & Exch. Comm'n v. Watkins*, 317 F. Supp. 3d 1244, 1249 (N.D. Ga. 2018). Allowing a surreply as a matter of course "would put the court in the position of refereeing an endless volley of briefs." *Id.* (citations omitted). Local Rule 56 does not provide for a surreply as part of summary judgment proceedings. LR 56.

The state defendants' reply directly responds to issues raised in plaintiff's initial resistance, rendering plaintiff's surreply unnecessary. Further, plaintiff did not request leave to file the surreply, and the surreply is not authorized under the Local Rules. The Court, exercising its inherent authority, strikes plaintiff's surreply (Doc. 86) as improper, and will not consider plaintiff's surreply in ruling on the state defendants' motion for summary judgment (Doc. 74).

## IV. *Conclusion*

For the reasons set forth above, defendants Matthew Tiedt and Kyles Shores' motion to strike (Doc. 87) is **granted in part** and **denied in part**. Plaintiff's opposition to defendants' second motions for summary judgment (Doc. 85) is hereby **stricken** and the Court will not consider it in ruling on the state defendants' motions to dismiss. Plaintiff's response to defendants Dan Schaefer and James Dickinson's reply (Doc. 86) is also **stricken** and the Court will not consider it in ruling on the state defendants' motions to dismiss.

**IT IS SO ORDERED** this 18th day of January, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa